# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| HAROLD WAYNE BELL, ID # 934712,  )  <br>     Petitioner,  )  <br> vs.  ) <br>   ) <br> WILLIAM STEPHENS, Director,  ) <br> Texas Department of Criminal  ) <br> Justice, Correctional Institutions Division,  ) <br>     Respondent.  ) | No. 3:14-CV-0431-M (BH) <br><br> Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DISMISSED** as time-barred.

## I. BACKGROUND

Harold Wayne Bell (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On July 10, 2000, Petitioner pled guilty to possession of a controlled substance in Cause No. F99-03099 in Criminal District Court No. 4 in Dallas County and was sentenced to fifteen years' imprisonment. (Petition (Pet.) at 2-3; *see also* www.tdcj.state.tx.us, search for petitioner).[1] He did not file an appeal. (Pet. at 3). On June 26, 2001, Petitioner filed his state application for writ of habeas corpus. (*See* www.dallascounty.org, search for W99-03099-A). On July 28, 2004, the Court of Criminal Appeals denied the application without written order *See Ex parte Bell*, WR-53,088-02

---

[1] On that same date, Petitioner was also sentenced to fifteen years for aggravated assault, but he does not challenge that conviction in his federal petition.

(Tex. Crim. App. July 28, 2004).

## II. STATUTE OF LIMITATIONS

**A. Antiterrorism and Effective Death Penalty Act of 1996**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Title I substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D). Because Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)), the one-year statute of limitations is calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

Petitioner did not appeal his conviction. In such a case, the state conviction becomes final for purposes of § 2244(d) at the expiration of the thirty-day time frame for seeking further direct

review of a conviction. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires."); TEX. R. APP. PROC. 26.2(a)(1). Petitioner's state conviction therefore became final for purposes of § 2244(d) on August 9, 2000, thirty days after judgment was entered.

Petitioner claims that his conviction is fraudulent because he pled guilty to a charge that had been no-billed by the grand jury. (Pet. at 6-7). He bases his claims on "new evidence" that he requested and obtained from the Federal Bureau of Investigation (FBI) on January 31, 2013. (Pet. at 9). This new evidence is a print-out of all criminal charges filed against Petitioner and their dispositions, and it includes a 1999 charge for possession of a controlled substance that was no-billed by the grand jury. (Memorandum at 12). Petitioner has not demonstrated that under § 2244(d)(1)(D), the facts supporting his claims did not become known and could not have become known through the exercise of due diligence until well after his conviction was final. He did not seek or obtain the evidence he presents in support of his claims until 2013, over twelve years after his conviction became final. "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" that he should act. *Johnson v. United States*, 544 U.S. 295, 308 (2005). Due diligence required Petitioner to act or inquire about the facts supporting his claim well before the twelve-year mark. Because his January 30, 2014, federal petition was filed over thirteen years after his conviction became final, it is untimely.[2]

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State

---

[2] Prisoners' federal pleadings are considered filed when they place them in the prison mail system. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner filed his state writ on June 26, 2001, and it was denied on July 28, 2004. Accordingly, while the limitations period was tolled for that time period, Petitioner filed his federal petition over nine years after his state application was denied. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the

court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner has not demonstrated the due diligence required to establish the rare and exceptional circumstances that would warrant equitable tolling of the statute of limitations. He neither sought, nor obtained, any factual support of his claims until many years after his state conviction was final. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations.

### C. Actual Innocence

Petitioner asserts that he is actually innocent of possession of a controlled substance. (Mem. at 2-5). Recently, in *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928-31 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence, if proved, can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. However, the Supreme Court emphasized in *Perkins* that a tenable actual innocence claim must persuade a district court that, in light of the new evidence, it is more likely than not that no rational factfinder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence. *Id*. at 1928, 1935. Furthermore, the untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id*. at 1935-36.

Here, Petitioner has not presented a credible claim of actual innocence based on evidence obtained over thirteen years after his conviction. The record reflects that, on August 4, 1999, the grand jury no-billed a separate charge of possession of a controlled substance that had been filed against him. (*See* www.dallascounty.org, search for Cause No. F99-50378). A separate charge of possession of a controlled substance was submitted to the grand jury on January 20, 2000, Petitioner

was indicted on that charge, and he pled guilty to that charge several months later. (*See* www.dallascounty.org, search for Cause No. F99-03099). To the extent that Petitioner complains that the prosecutor re-submitted the case to the grand jury for a second time and obtained an indictment (Mem. at 1), this is not evidence that he is actually innocent of possession of a controlled substance. Petitioner has not overcome the statute of limitations bar, and his federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 19th day of March, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE